#### OF THE

## TERRITORY OF ARIZONA

### DURING THE YEAR 1900.

---

[Civil No. 706.   Filed March 28, 1900.]

[60 Pac. 722.]

UTAH CANAL ENLARGEMENT AND EXTENSION COMPANY, Plaintiff and Appellant, v. THE LONDON COMPANY et al., Defendants and Appellees.

1. APPEAL AND ERROR — ASSIGNMENTS OF ERROR — WAIVER — LAWS OF ARIZ., ACT MARCH 18, 1897, CONSTRUED.—Where there is no assignment of errors in appellant's brief, and there is a failure to distinctly specify any ground of error, there is a failure to comply with the provisions of the statute, *supra*, providing that "the brief of the plaintiff in error or appellant . . . shall contain a distinct enumeration in the form of propositions of the several errors relied on, and all errors not assigned in the printed brief shall be deemed to have been waived," and the judgment of the trial court will be affirmed.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge.   Affirmed.

The facts are stated in the opinion.

Baker & Bennett, for Appellant.

A. J. Daggs, and J. McAndrew, for Appellees.

PER CURIAM.—This appeal is taken under the act of the legislative assembly approved March 18, 1897, one of the mandatory provisions of which is that "the brief of the plain-

Arizona 7—1

tiff in error or appellant shall . . . contain a distinct enumeration in the form of propositions of the several errors relied on, and all errors not assigned in the printed brief shall be deemed to have been waived.'' There is no assignment of errors contained in the brief of the appellant in this case, and in the omission to distinctly specify any ground of error for the reversal or modification of the judgment appealed from the appellant has failed of compliance with the statute. No error is apparent upon the face of the record, and the judgment of the court below is affirmed.